| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LR 9004-2(c)<br><br>CUTOLO BARROS, LLC<br>46-50 Throckmorton Street<br>Freehold, New Jersey 07728<br>(732) 414-1170<br>Carla Zappi, Esq.<br>Attorneys for Pleasantview Condominium Association, Inc. | |
| In re:<br><br>NICHOLAS A. MITCHELL<br><br>Debtor. | Chapter 13<br><br>Case No. 18-35098-JKS<br><br>Judge: John K. Sherwood |

### OBJECTION TO CONFIRMATION OF PLAN

**PLEASE TAKE NOTICE** that creditor Pleasantview Condominium Association, Inc. (the "Association"), by and through its counsel, Cutolo Barros LLC, hereby tenders further objection to the confirmation of the plan proposed by the Debtor upon one or more of the following grounds:

1. Failure to identify the Association as a secured creditor and to contemplate payment of the Association's secured claim in the amount of $29,333.71 concerning real property commonly known as 268 Kipp Street, Unit 2F, Hackensack, NJ 07601.

2. Debtor seeks to modify the rights of the Association, a holder of a claim secured only by a security interest in real property that is the principal residence of the Debtor and the anti-modification clause, 11 U.S.C. § 1322(b)2, prohibits the modification of the Lien. See In re Rones, 551 B.R. 162 (D.N.J. 2016).

3. Failure to provide for full payment of the Association's allowed secured claim. The plans may not modify the Association's allowed secured claim, which is based upon lien recorded against the Unit, which is the Debtor's principal residence. See 11 U.S.C.

13322(b)(2). Since the Association's liens have limited priority over the first mortgage pursuant to N.J.S.A. 46:8B-21, the Association's allowed secured claim is attached to equity in the Unit and cannot be modified. See 11 U.S.C. 1325(a)(5).

4. Failure to provide for payment of post-petition condominium assessments for as long as the Debtor holds title to the real property located at 268 Kipp Street, Unit 2F, Hackensack, NJ 07601. Specifically, the monthly assessments are subject to change each fiscal year and the plan contemplates a payment in a sum certain outside of the plan. The Court must look to state law to determine property rights and interests. Butner v. U.S., 440 U.S. 48, 55 (1979). Under New Jersey law, the obligation to pay condominium assessments is a covenant that runs with the land. See N.J.S.A. 46:8B-17. Plans that do not provide for payment of post-petition assessments for so long as the debtor holds title to the property violate the standard of good faith required in all confirmable plans.

5. The plan is severely underfunded. The plan should be amended to fully fund the Association's secured claim and unsecured claim, as applicable. The plan should be amended to fully fund the Association's secured claim and unsecured claim, as applicable.

6. The Plan identifies the Association as second in line to be paid in order of distribution; but indicates the Debtor "[r]eserves right [sic] to address Pleasantview Condominium Association claim." See Chapter 13 Plan, Part 1(e). As a result, it is unclear in what amount or how the Debtor intends to pay the Association's claim.

7. Failure to otherwise conform to the United States Bankruptcy Code or Rules.

In the event that the foregoing deficiencies are cured, waiver or rendered moot prior to the date of the confirmation hearing and no further grounds for objection appear, counsel for the Association will not appear at the confirmation hearing and the foregoing objections may be deemed withdrawn, except any objection predicated upon feasibility, the difference between the Debtor's estimate of pre-petition arrears and the Association's Proof of Claim, the failure to provide for payment of post-petition assessments, the failure of the debtor to properly list the Association as a secured creditor and/or any provisions of the proposed plan purporting to avoid or impair the Association's liens, in which case the Association expressly reserves its rights and

requests that the Court establish a briefing schedule and set a date for a hearing to resolve the Association's objection(s) to the proposed plan.

                                          **CUTOLO BARROS LLC**
                                          Attorneys for Pleasantview
                                          Condominium Association, Inc.

Dated: 6/14/19                        By: /s/ Carla Zappi

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LR 9004-2(c)<br><br>CUTOLO BARROS, LLC<br>46-50 Throckmorton Street<br>Freehold, New Jersey 07728<br>(732) 414-1170<br>Carla Zappi, Esq.<br>Attorneys for Pleasantview Condominium Association, Inc. | |
| In re:<br><br>NICHOLAS A. MITCHELL<br><br>Debtor. | Chapter 13<br><br>Case No. 18-35098-JKS<br><br>Judge: John K. Sherwood |

## CERTIFICATION OF SERVICE

1. I, Amanda Ohrn, Esq. :

   ☐ represent Pleasantview Condominium Association, Inc. in this matter.

   ☑ am the secretary/paralegal for <u>Carla Zappi</u>, who represents <u>Pleasantview Condominium Association, Inc.</u> in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On June 14, 2019, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: 6/14/19

Signature: Amanda Ohrn

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| **Vincent Commissa, Esq.**<br>20 Manger Road<br>West Orange, NJ 07052 | Debtor's Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/R.R.R.<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court*) |
| U.S. Trustees Office | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/R.R.R.<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court*) |
| **Marie-Ann Greenberg**<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd., Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/R.R.R.<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court*) |
| **Kevin Gordon McDonald, Esq.**<br>KML Law Group, P.C.<br>701 Market Street<br>Ste 5000<br>Philadelphia, PA 19106 | Attorneys for Creditor, MTGLQ Investors, L.P. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/R.R.R.<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court*) |
| **Robert P. Saltzman, Esq.**<br>Pluese, Becker & Saltzman, LLC<br>2000 Horizon Way, Suite 900<br>Mt. Laurel, NJ 07054-4318 | Attorneys for Creditor, Seterus, Inc. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/R.R.R.<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court*) |